## CHARLES B. WOLL v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 22, 1916.

Nos. 19,992—(136).

**Street railway — defendant free from negligence.**

1. In an action to recover damages sustained by the plaintiff's minor son in a collision with a street car of the defendant, it is *held* that the evidence sustains the finding of the jury that the defendant was not negligent.

**Same — contributory negligence — charge to jury.**

2. At the time of the injury the boy was in a rig driven by another. The court charged that the boy was not himself guilty of contributory negligence, and that the negligence of the driver was not imputable to him. In the immediate connection, and before passing to a consideration of the negligence of the defendant, it charged that the defendant was not responsible for the negligence of the driver. This, was not error.

Action in the district court for Ramsey county by the father of Clarence O. Woll, an infant, to recover $25,000 for injury to the son caused by the negligent operation of one of defendant's street cars. The case was tried before Michael, J., and a jury which returned a verdict in favor of defendant. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Frederick I. Bright* and *Douglas, Kennedy & Kennedy,* for appellant.

*W. D. Dwyer,* for respondent.

DIBELL, C.

Action to recover damages sustained by the minor son of the plaintiff in a collision with a street car of the defendant. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff's son, a boy twelve years of age, was injured by com-

1Reported in 160 N. W. 672.

ing into collision at a street intersection with a street car of the defendant. This action is in his behalf. The boy was riding on a delivery sleigh drawn by one horse. A boy somewhat older was driving. The horse had become scared, and had been running, and was not wholly under control at the time of the accident. The attending circumstances are in dispute. The evidence was not such as to require a finding that those in charge of the defendant's car were negligent. It will serve no purpose to review it. It sustains the verdict.

2. The court charged the jury that the injured boy was not negligent; that the negligence of the driver of the sleigh was not imputable to him; that the defendant was not responsible for the presence of the runaway horse upon the tracks nor for the negligence of the driver, and that if the defendant was negligent and its negligence caused the injury it was liable. It is now claimed that the charge that the defendant was not responsible for the presence of the horse on the tracks or for the negligence of the driver, was erroneous in that it imported into the case an irrelevant issue and was prejudicial and misleading. We do not view it so. The purpose of the court was to eliminate all claims of negligence, those affecting the plaintiff as well as those affecting the defendant, except the one that the defendant was negligent in the operation of the car. Having charged that, as the evidence stood, there was no contributory negligence on the part of the boy, and that the negligence of the driver was not imputable to him, it was proper for the court, before passing to a detailed consideration of the question of the negligence of the defendant, to tell the jury that it was not responsible for the presence of the runaway horse upon its tracks nor for the negligence of the driver. This is just what the charge did. It was clear and accurate and did not mislead. No other points require discussion.

Order affirmed.